UNITED STATES

v.  495CR231

VERNON GIVENS BOSTICK



## ORDER

This Court's 9/30/96 judgment of conviction against Vernon Givens Bostick included an order of restitution in the amount of $10,250, plus interest. Doc. # 31. The restitution debt, accruing 5.64% interest less a $100 payment, reached $15,313.71 by 9/27/05, when the Court granted the Government's motion for a writ of execution against $6,525.05 that Bostick had just inherited from his mother.[1] Doc. ## 54, 56.

Bostick moved the Court "to reconsider a claim of exemptions on behalf of $6,525.05...." Doc. # 56. He did not dispute that he owes the Government this money, but grumbled over the interest rate, pointed out that he had just enrolled in college, and that he had been supportive of his three stepchildren. Doc. # 56 at 1. These reasons, he concluded, warranted "exempting" his $6,525.05 from collection.

The Court concluded that Bostick's motion was without merit. The Court's Clerk had

---

[1] 18 U.S.C. § 3664(e) provides:

> Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

18 U.S.C. § 3664(e). And under § 3664(n), if

> a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n). Finally, § 3664(o) provides that

> (o) A sentence that imposes an order of restitution is a *final judgment* notwithstanding the fact that--
>
> (1) such a sentence can subsequently be--
>
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
> (B) appealed and modified under section 3742;
>
> (C) amended under subsection (d)(5); or
>
> (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o) (emphasis added). Congress thus sought to ensure that (a) each party's evidentiary burdens would be clearly defined; (b) post-judgment assets could be reached to pay restitution; and (c) finality would be respected for restitution-based judgments.

mailed Bostick a 28 U.S.C. § 3202 notice informing him of his right to object to the execution writ and claim any exemption, doc. # 56 (attached), but that was a generic notice used in *civil* attachment cases. There were, this Court explained, no such exemptions in criminal restitution cases. Doc. # 57 (*citing U.S. v. Phillips*, 50 Fed.Appx. 303, 304 (6th Cir. 2002) (exemptions allowed to debtors under Federal Debt Collection Procedures Act did not apply to enforcement of restitution order as part of criminal sentence)). The Clerk thus erred.

Bostick took no appeal from that 12/6/05 Order. Instead, he now moves to vacate that ruling -- 535 days later. Doc. # 59; *see also* doc. # 60 (duplicate motion, as acknowledged by this Court's Order, doc. # 61).

Boiled down, Bostick contends that during the sentencing under which this Court imposed restitution under 18 U.S.C. § 3664, the Probation Office, the Government, and his own defense counsel failed to comply with § 3664's various subsections. Doc. # 59. In other words, he brings a merits-based challenge to the restitution order, which is part of his sentence. However, he cites no new evidence or F.R.Civ.P. 60 grounds here; rather, he simply wants to argue against restitution again. To that end, his latest motion doe not even acknowledge the existence of this Court's 12/6/05 Order.

Because Bostick is attacking the execution of his sentence with regard to the restitution payments, the appropriate vehicle for doing so is a 28 U.S.C. § 2241 petition filed in the district court where he is confined. *U.S. v. Bowen*, 2007 WL 1560162 at * 3 n. 2 (10th Cir. 5/31/07) (unpublished). And

> if he is somehow challenging the validity of his sentence relating to his restitution, the proper vehicle is a 28 U.S.C. § 2255 petition filed in the district court that sentenced him. *See Bradshaw v. Story*, 86 F.3d 164, 166-67 (10th Cir.1996). Regardless of how his motions are construed, because he is bringing them [more than one year] after his initial sentence [*and* after this Court's 12/6/05 Order], it is clear [that] the one-year statute of limitations imposed by the [Antiterrorism and Effective Death Penalty Act (AEDPA)] would bar his motion[] under either statute. *See* 18 U.S.C. §§ 2241, 2244, and 2255.

*Id.* AEDPA "became effective on 4/24/96. AEDPA inserted a 1-year period of limitation in 28 U.S.C. § 2255." *Andres v. U.S.*, 1997 WL 778760 at * 1 (S.D.N.Y. 12/15/97) (unpublished). So, AEDPA applies here.[2]

Yet, the Government has raised *none* of these defenses. Doc. # 62. Instead, it argues against Bostick on the merits. *Id.* at 1-5. Courts, however, can protect themselves against repetitive litigation and thus *sua sponte* deny relief where inmates re-litigate issues every time they think up a new argument. Though no case law on this point surfaces for § 3664-based motions, ample precedent exists in analogous areas. For example:

> Mr. Day either fails or refuses to recognize that he has had his day in court. He may not refile every time he concocts a new theory--or puts a new spin on an

---

[2] Pre-AEDPA litigants like Bostick faced *res judicata*. *See U.S. v. Kress*, 944 F.2d 155, 161 (3rd Cir. 1991) (Because defendant failed to appeal from order of district court denying his motion with respect to issue of statutory rate of interest applicable to restitution which was due United States Government as condition of probation, issue was *res judicata* and defendant could not relitigate same issue two years later in form of motion to correct alleged illegal sentence).

old theory--to collaterally attack the same state court convictions. *Cf. Macklin v. Singletary*, 24 F.3d 1307, 1314 (11th Cir.1994) ("The abuse of the writ doctrine is designed to require a habeas petitioner to present all of his claims in a single petition."), *cert. denied*, 115 S.Ct. 1122 (1995). This "[p]erpetual disrespect for the finality of [his] convictions disparages the entire criminal justice system." *McClesky v. Zant*, 499 U.S. 467, 492 (1991). This court will not countenance such disrespect, nor will it tolerate abuse of its processes. *See Demos v. Storrie*, 507 U.S. 290 (1993); *Johnson v. Cowley*, 872 F.2d 342 (10th Cir.1989).

*Day v. Cody*, 85 F.3d 640 (Table), 1996 WL 223712 at * 2 (10th Cir. 5/3/96) (unpublished); *cf. Rhines v. Weber*, 544 U.S. 269, 276, (AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments"; it "reduces the potential for delay on the road to finality[.]" (*quoting Duncan v. Walker*, 533 U.S. 167, 179 (2001))); *Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, even after the preanswer, initial screening stage of the habeas proceeding). True, Bostick is not advancing a successive, 28 U.S.C. § 2254 state habeas petition here, but the same anti-relitigation principles apply.

Accordingly, the Court *DENIES* Vernon Givens Bostick's successive "restitution-challenge" motion *WITH PREJUDICE*. Doc. ## 59-60.

This 20 day of June, 2007.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA